**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:25-CV-22558-GAYLES/GOODMAN

NEW NATIONAL, LLC, a Florida limited liability company,

Plaintiff,

v.

CITY OF MIAMI BEACH, a municipal corporation of the State of Florida,

Defendant.
_______________________________________________/

# PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY[1]

Plaintiff, NEW NATIONAL, LLC (the "***National***"), respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 37, for an Order requiring immediate, limited and expedited discovery from Defendant CITY OF MIAMI BEACH (the "***City***"). In support, the National states:

1. On June 4, 2025, the National filed its Complaint for Declaratory and Injunctive Relief (the "***Complaint***") against the City related to City of Miami Beach's Historic Preservation Board's (the "***HPB***") approval of a modern, fifteen-story residential tower (the "***Tower***") to be built behind the boutique six-story historic Sagamore Hotel.

2. On July 1, 2025, the National filed its Verified Expedited Motion for Preliminary Injunction (the "***Injunction Motion***") seeking an expedited hearing and preliminary injunction to

[1] For capitalized terms not otherwise defined herein, the National refers the Court to its Complaint and the terms defined therein.

enjoin the City from further work on the Ritz/Sagamore's Project and Tower and prevent the City from issuing any further permits authorizing the construction of the Tower to proceed.

3. Time is of the essence. The City has yet to finalize the requisite permits for the Tower. However, once the approvals are granted, construction may begin immediately, causing irreversible and irreparable harm to the Art Deco District, the National, all owners within the Art Deco District, and the City in general.

4. In anticipation of the Court's hearing on the Injunction Motion, the National seeks limited discovery on an expedited basis to establish certain facts and evidence for the injunction hearing. Given such urgency, there is good cause to conduct expedited discovery before the Rule 26(f) conference. *Procaps S.A. v. Patheon, Inc.*, No. 12-24356-CIV, 2012 WL 12845604, at *3 (S.D. Fla. Dec. 21, 2012)

5. The National intends to issue limited Requests for Production to the City to obtain, among other things, documents, including e-mails and electronically stored information in the City's possession relating to the Project, the *Quid Pro Quo* Improvements, Applications 1-3, and Resolution No. 2022-23444, as defined in the Complaint. The National requests that the timeframe proscribed under Federal Rule 34 for the City to respond to the written discovery requests be shortened to ten (10) days from the date of service of such Requests. The National has limited and focused the subject matter of the Requests, so that they can be addressed quickly. Additionally, these documents and responses are necessary before the National takes the limited depositions it seeks.

6. Pursuant to Federal Rule 30(a)(2)(a)(iii), a party must seek leave of court to conduct depositions before conducting a Rule 26 conference. The National has requested certain limited depositions, including City Commissioner Alex Fernandez and former-HPB Member Jack

Finglass. The City has refused to voluntarily produce Mr. Fernandez for deposition on an expedited basis. As such, the National requests that the City be required to produce Mr. Fernandez for deposition and agree to be available for the deposition of Mr. Finglass after the production of documents within ten (10) days.

7. The City has indicated it will object to the deposition of any lawmakers on the grounds of legislative privilege. However, the City may not properly assert legislative privilege as a bar to the National deposing Mr. Fernandez. The "legislative privilege would not allow Commissioner[s] to avoid [their] deposition completely. It is well settled that a witness whose testimony is subpoenaed cannot simply refuse to appear altogether on grounds of privilege, but rather must appear, testify, and invoke the privilege in response to particular questions." *O'Boyle v. Sweetapple*, No. 14-81250-CIV, 2016 WL 9559923, at *3 (S.D. Fla. June 2, 2016) (internal quotations omitted). Nevertheless, it clear that any purported litigation privilege claim would not apply because: (1) the testimony the National seeks has great relevance because Mr. Fernandez's motivations are particularly relevant to the HPB's overall motive behind the Approval of the Ritz/Sagamore' Project; (2) the deposition of Mr. Fernandez will allow for gathering of evidence that is otherwise not available; (3) this litigation is serious as it calls to question the fairness, validity, and constitutionality of the City's actions; (4) the government is involved in the litigation; and (5) the subpoena defeats the legislative privilege. *See generally League of Women Voters of Fla., Inc. v. Lee*, 340 F.R.D. 446, 456 (N.D. Fla. 2021) (citing *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 337 (E.D. Va. 2015)). Indeed, the purpose of the discovery is not to seek testimonial evidence concerning Mr. Fernandez's subjective motivations in taking legislative action, but rather to seek factual information available at the time the HPB considered Applications #1-3. *Pernell v. Lamb*, No. 4:22CV304-MW/MAF, 2023 WL 3911863, at *1 (N.D.

Fla. Mar. 1, 2023) (noting that fact-based discovery was not protected by the legislative privilege). Mr. Fernandez is the sponsor of Resolution No. 2022-23444 which advanced the *Quid Pro Quo* Improvements, and appears to have information related to it.

8. Under Federal Rules 30 and 34, a Court may shorten the time within which to respond to discovery or to require depositions. Good cause exists here to shorten the time frames for the City to respond to the limited written discovery and to submit to limited depositions in advance of an Injunction Motion hearing. The requested injunctive relief is essential to preserve the *status quo* until the case can be resolved on its merit.

9. This Motion is filed in good faith and is limited and narrowly tailored to the specific issues to be addressed at the temporary injunction hearing. Furthermore, the expedited discovery would facilitate the efficient management of the case, conserve judicial resources of the Parties and the Court, and move the case toward an earlier disposition without prejudice to the City.

WHEREFORE, The National respectfully requests that the Court enter an Order as follows: (1) granting this Motion for Expedited Discovery, (2) allowing the parties to engage in limited and narrow discovery related to the allegations and relief set forth in the Injunction Motion prior to a Rule 26 conference, (3) decreasing the time for the City to respond to limited Request for Production issued by the National and require the City to respond to such written discovery requests within ten days from the date the Requests are served, (4) requiring the City to produce Alex Fernandez for the deposition limited to Applications #1-3 and Resolution No. 2022-23444; (5) requiring the City to agree to schedule and attend the deposition of Jack Finglass; and (6) granting such other relief as the Court deems just and proper.

Dated: July 10, 2025

**Certification Pursuant to Local Rule 7.1(A)(2)**

Undersigned counsel conferred with counsel for Defendant regarding the relief requested herein. Defendant's counsel opposes this Motion.

Respectfully submitted,

By: */s/ Phillip M. Hudson III*
Phillip M. Hudson III, Esq., FBN 518743
Morgan L. Swing, Esq., FBN 17092
Anoosheh A. Shaikh, Esq., FBN 1039830
Niko Gounaris, Esq., FBN 1059351
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
Tel: (305) 960-2273/(305) 960-2352
pmhudson@duanemorris.com
mlswing@duanemorris.com
ashaikh@duanemorris.com
ngounaris@duanemorris.com

*Counsel for Plaintiff*